NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARRIE S. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>GATESTONE & CO. INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 5:19-cv-00365<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes CARRIE S. WILSON ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of GATESTONE & CO. INTERNATIONAL, INC.,("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a 35 year old consumer residing in Murrieta, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency organized under the laws of the state of Delaware with its principal place of business located at 1000 N. West Street, Suite 1200, Wilmington, Delaware.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Some time ago, Plaintiff applied for and was issued a personal credit card from American Express.

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments to American Express, thus incurring debt ("subject debt").

11. Upon information and belief, American Express charged off the subject debt in the amount of $2,407.53.

12. American Express ceased sending Plaintiff periodic billing statements after the subject debt was charged-off.

13. Upon information and belief, the subject debt was purchased by a third party, Crown Asset Management, LLC ("Crown"), sometime in late 2018 – many months after American Express stopped sending Plaintiff periodic billing statements regarding the subject debt.

14. Defendant subsequently began attempting to collect upon the subject debt on behalf of Crown.

15. On or about November 13, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter via U.S. Mail in an attempt to collect the subject debt from Plaintiff.

16. Defendant's collection letter suggests the subject debt totals $2,407.53 – the same amount as when the debt was charged off by American Express.

17. Defendant's collection letter goes on to state: "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." This language will hereinafter be referred to as the "interest language."

18. Plaintiff was deceptively led to believe that Defendant had the lawful ability to collect interest, late charges, and other costs through the inclusion of its interest language, when such right was waived by American Express, when no such right existed in the underlying contract, and when Crown failed to acquire any rights to add such additional amounts through its purchase of the subject debt.

19. Accordingly, Plaintiff became confused over Defendant's actions and spoke with counsel regarding her rights.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies contact with debt collectors, violation of her federally protected interests, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of its business.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of the FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. § 1692e, e(2), e(5) and e(10) by falsely representing in its collection letter that it had the ability to add interest, late charges, and other costs to the subject

debt. Defendant's inclusion of the interest language in its collection letter misleadingly suggests to consumers the false possibility that Defendant could collect an amount above and beyond that which was outlined as the total due on the collection letter. Upon information and belief, American Express charged-off the subject debt in the amount of $2,407.53, and stopped sending periodic billing statements. Thereafter, Crown purchased this debt many months later. Shortly after Crown purchased the subject debt, Defendant began attempting to collect upon the subject debt and mailed its collection letter to Plaintiff with an amount due of $2,407.53. Accordingly, American Express and its successors waived the right and ability to add interest and other charges. In addition, these "other charges" were not part of the underlying agreement between Plaintiff and American Express. Furthermore, Crown is a debt buyer that, upon information and belief, purchases bad debt from various other debt buyers and original creditors. Upon information and belief, through this process and the mass-purchasing nature of Crown's debt buying, Crown did not properly acquire the rights to add any interest or other charges additional to the principal amount of the subject debt, in turn precluding Defendant from suggesting such amounts would be properly collectible. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such interest, late charges, or other costs. Defendant intentionally chose to utilize the interest language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt timely, subsequent interest, late charges, or other costs would accrue – even though such interest, late charges, or other costs were not properly collectible. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debt promptly, lest she be subjected to additional interest, late charges, or other costs by a subsequent debt collector.

   **b. Violations of the FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law ." 15 U.S.C. §1692f(1).

31. Defendant violated § 1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in its collection letter. Because Defendant was precluded from adding anything to the balance of the subject consumer debt, the above referenced portions of the collection letter violate the FDCPA.

WHEREFORE, Plaintiff, CARRIE S. WILSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   **a. Violations of RFDCPA § 1788.13(c)**

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.13(c), states that a debt collector may not falsely represent "that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation."

37. Defendant violated § 1788.13(c) of the RFDCPA through its suggestion that the subject debt may be increased by the addition of potential fees which were not properly collectible.

### b. Violations of RFDCPA § 1788.17

38. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

39. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692 e and f of the FDCPA. Defendant engaged in false and unfair conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

40. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CARRIE S. WILSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

1
2   e. Award any other relief as the Honorable Court deems just and proper.

3   Dated: February 26, 2019          Respectfully submitted,

4
                                      By: /s/ Nicholas M. Wajda
5                                     Nicholas M. Wajda
                                      WAJDA LAW GROUP, APC
6                                     11400 West Olympic Boulevard, Suite 200M
                                      Los Angeles, California 90064
7                                     Telephone: (310) 997-0471
                                      Facsimile:
8                                     Email:

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28